Mary GREEN, widow of Abraham Sampson, individually and as natural tutrix of her minor children, Paul Sampson, Major Lee Sampson and Daisy Mae Sampson, Appellants,

v.

ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

No. 19900.

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Felicien P. Lozes, New Orleans, La., George T. Oubre, Norco, La., for appellants.

H. Martin Hunley, Jr., Lemle & Këlleher, New Orleans, La., for appellee, J. H. Wright, Gen. Counsel, John W. Freels,. Gen. Sol., Chicago, Ill., of counsel.

Before PHILLIPS*, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

Appellant's husband was killed when run over by an Illinois Central passenger train. Appellant took the depositions of the two known witnesses to the accident,. appellee's engineer and fireman. In answering interrogatories propounded by appellee, appellant stated that no other witnesses were known. Appellee moved for summary judgment, making a part of the motion the interrogatories and depositions mentioned.

The substance of the depositions of the two train crewmen is that the train was proceeding at a legal rate of speed down a straight track on a bright, clear Sunday morning, giving warning signals,. when the decedent, from a position of safety, leaped in front of the train. Specifically, they said that when the locomotive reached a point about sixty feet from the man, he stepped or leaped from an adjacent "passing" track toward the locomotive and dived under its wheels.

At the first hearing on the motion, appellant produced no affidavits to contradict appellee's evidence and the trial judge, after hearing arguments and considering the briefs, granted appellant an additional ten days to procure and file affidavits or other evidence in an effort to raise a question of fact. Within that time appellant introduced two affidavits, after which a second hearing was had.

 The affidavit of an individual hunting in nearby woods is to the effect that, immediately before the accident, he heard a train whistle blowing "in the manner that it is sounded when there are cows or something on the tracks." An affidavit joined in by several individuals living near the scene of the accident is to the effect that the residents of the

* Of the Tenth Circuit, sitting by designation.

community cross over these tracks, walk alongside the tracks, and sometimes walk between the rails of the "passing" track.

The depositions of the railroad employees make out a clear case of non-negligence on the part of the appellee and its servants, and of negligence on the part of the decedent. The affidavits introduced by appellant in no way contradict the facts so established.

■ Since the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact, the appellee was entitled to a summary judgment, Rule 56, F.R.Civ.P. The judgment appealed from is right and it is

Affirmed.